**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DARBY DAY individually and<br>on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>OPENLOOP HEALTH INC.,<br>TRIAD RX BUYER LLC,<br>and TRIAD RX, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 25-cv-01418-GBW |

**NOTICE OF SUBSEQUENT AUTHORITY**

Pursuant to D. Del. LR 7.1.2(b), Plaintiff Darby Day respectfully submits this Notice to advise the Court of subsequent authority relevant to Defendants' pending Motion to Dismiss or alternatively Compel Arbitration (D.I. 17, 18, 26). On November 18, 2026, the United States District Court for the Middle District of Pennsylvania issued a Memorandum Opinion in *Freeland v. Foothills Professional Pharmacy, Ltd.*, No. 4:26-cv-00263 (M.D. Pa. Nov. 18, 2026) (Dkt. 89). Like this case, *Freeland* is a putative class action challenging the marketing and sale of compounded oral tirzepatide. Among other things, the *Freeland* court held that (1) the plaintiff's RICO, fraud, and unjust enrichment claims, and her consumer protection claim to the extent based on misrepresentations about oral tirzepatide, are not preempted or precluded by the FDCA (*id.* at 41-46, 50); (2) the complaint adequately alleged an association-in-fact enterprise among the telehealth platform, clinician network, physician, and pharmacy, and the pharmacy's participation in the conduct of that enterprise, including through mailings of the product that qualify as predicate acts of mail fraud (*id.* at 52-58); and (3) the complaint did not rest on "conclusory allegations about

ownership and control" merely because the challenged marketing appeared on the website of a non-party telehealth brand (*id.* at 60). The *Freeland* court also denied the defendants' motions to compel arbitration. It held that the telehealth website failed to give reasonable notice that clicking "Continue" would manifest assent to its Terms of Service, particularly where "the hyperlink s[at] in a disclosure about an optional text message checkbox." (*Id.* at 14-21; *see id.* at 20.)

These issues are raised in Defendants' Motion to Dismiss (D.I. 18 at 10-14, 19-22, 32-34, 37-40; D.I. 26 at 2-10, 15-19, 23-15) and addressed in Plaintiff's Memorandum of Law in Opposition (D.I. 24 at 11-18, 25-33, 36-39, 42-47). A copy of the Memorandum Opinion is attached as Exhibit A.

Dated: November 19, 2026

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**

*/s/ Robert J. Kriner, Jr.*
Robert J. Kriner, Jr. (Del. Bar No. 2546)
2711 Centerville Rd., Suite 201
Wilmington, DE 19808
Phone: 302-656-2500
Fax: 302-656-9053
rjk@chimicles.com

Nicholas E. Chimicles *(pro hac vice)*
Kimberly M. Donaldson-Smith *(pro hac vice)*
Dylan Altland *(pro hac vice)*
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
Phone: 610-642-8500
Fax: 610-649-3633
*nec@chimicles.com*
*kds@chimicles.com*
*dda@chimicles.com*

*Attorneys for Plaintiff and Proposed Class*